PHILIP A. SWEET *vs.* EPHRAIM BROWN.

A. conveyed to B., by deed, all his right, title and interest in and to certain real estate described by metes and bounds, courses and distances, with the usual covenants of seizin and warranty. *Held,* that the covenants were limited to the estate and interest of A. in the granted premises, and were not general covenants extending to the whole parcel described in the deed.

THIS was an action for breach of the covenants in a deed made by the defendant to the plaintiff, dated January 29th

1840, giving, granting, selling and conveying to the plaintiff certain real estate which was thus described: "All my right, title and interest in and to that parcel of real estate situate on Green Street, in Marblehead, and is bounded south-east on said street, and north-east on a line from the centre of the front yard or garden gate through the middle of the front entry, on a straight line to the back part of the dwelling-house ; then on a diagonal line," &c. &c. by metes and bounds, courses and distances; "the front entry of said dwelling-house to remain in common for use of the owners of said house. The premises are the same this day conveyed to said Brown by Joseph Martin." The covenants in this deed were, that said Brown was lawfully seized in fee of the aforegranted premises; that they were free of all incumbrances; that said Brown had good right to sell and convey the same to the said Sweet, and that he would warrant and defend the same to the said Sweet, his heirs and assigns forever, against the lawful claims and demands of all persons. The plaintiff's declaration alleged a breach of all these covenants.

The case came before the court on the following report, made by *Dewey, J.* before whom a trial was had : The plaintiff contended that the covenants in the deed applied to certain specific parcels of real estate particularly described in said deed. The defendant contended that the deed only conveyed "all the right, title and interest " of the defendant in the premises conveyed, and that the covenants extended no further. The court proposed to rule in favor of the construction contended for by the defendant, and the plaintiff thereupon consented to become nonsuit, reserving the question for the whole court.

*N. J. Lord,* for the plaintiff.

*W. Fabens & Perkins,* for the defendant.

Dewey, J. The action is for an alleged breach of covenant. The covenants are full and in proper words, and the only question is, to what do these covenants apply ? The plaintiff contends that they attach to the entire parcel of land, as described by metes and bounds in the deed, and tha

the covenants go to the title in the whole land. On the contrary, the defendant insists that the covenants are of a much more limited character ; that the real intent and purpose of the deed was to convey all the estate and interest of the grantor in the land, and nothing more ; and that the covenants, properly applied, have reference only to the right and title of the grantor in the land, whatever that may be.

The covenants are in terms general ; but in the construction of a deed, we are to look at the whole deed, and the covenants are to be construed so as to give effect to the intention of the parties, so far as it can be done consistently with the rules of law. The warranty is of the premises which were granted and conveyed by the deed. But that was "all my right, title, and interest in and to that parcel of real estate situate," &c. It was not a grant of certain land, in general terms, but of his title and interest in such lands, and this particularly and fully expressed.

The warranty must be taken in a limited sense. It must be restricted to his title and interest. The covenant here attaches to the estate and interest conveyed, and is not a general covenant of warranty of the whole parcel, particularly described by metes and bounds. Such construction will reconcile all parts of the deed, and give effect to each. The question now presented is not a new one, but has been directly decided. The case of *Allen* v. *Holton,* 20 Pick. 458, presented a question of construction of a deed entirely similar in its terms, where it was held that the covenants were limited to the estate and interest of the grantor. See also *Blanchard* v. *Brooks,* 12 Pick. 47, 66. The ruling at *nisi prius* was correct, and the nonsuit is confirmed.